NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
                          :
Dr. Keenan K. Cofield,    :
                          :      Civil Action No. 15-558(RMB)
          Plaintiff,      :
                          :
     v.                   :           OPINION
                          :
U.S. Dept. of Justice, et al.,:
                          :
          Defendants.     :
                          :
_____
```

APPEARANCES:

Keenan K. Cofield
4109 Cutty Sark Rd.
Baltimore, MD 21220
          Acting pro se

Anne B. Taylor
Assistant U.S. Attorney
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
          On behalf of Defendants

**BUMB**, District Judge:

This matter is before the Court upon Defendants' Partial Motion to Dismiss the Amended Complaint (ECF No. 44; "Defs' Brief," ECF No. 44-1) and Plaintiff's opposition brief. (ECF No. 45.)   Pursuant to Federal Rule of Civil Procedure 78(b), the

1

Court will determine the motion on the briefs, without oral argument.

I.    PROCEDURAL HISTORY

Plaintiff began this civil action (Compl., ECF No. 1-1 at 4-15) in Superior Court of the District of Columbia.  Defendants removed the case to the U.S. District Court for the District of Columbia. (See Civil Docket for case #1:14-cv-00746-KBJ, U.S. District Court, District of Columbia) (ECF No. 12).  On January 28, 2015, the District of Columbia transferred the case to the District of New Jersey because Plaintiff's claims arose out of events that occurred while he was imprisoned at the Federal Correctional Institution ("FCI-Fairton") in Fairton, N.J. (See, Memorandum Opinion and Order Granting Motion to Transfer, ECF No. 11.)

On August 21, 2015, Defendants filed a motion to dismiss the complaint. (ECF No. 19.)  On February 3, 2016, this Court granted Defendants' motion to dismiss, dismissing some claims with prejudice and other claims without prejudice. (Opinion and Order, ECF Nos. 21-23.) Significant to the present motion, the Court identified the following pleading defects in the claims that were dismissed without prejudice:

> 1) FTCA Claim:  a federal inmate may not bring an action under the Federal Tort Claims Act for work-related injuries in federal prison, or subsequent medical treatment for such injuries because the

2

Inmate Accident Compensation Act provides the exclusive remedy for such negligence-based claims;

2) Bivens Claim:  There are no allegations in the complaint suggesting how the BOP Director was personally involved in any alleged constitutional violation;

3) Defendants Martinez and Cruz:  when a complaint is silent as to a defendant, except for his name appearing in the caption, the complaint is properly dismissed even under the liberal construction given to pro se complaints;

4) Eighth Amendment work restriction claim: Plaintiff must allege facts that would plausibly show a particular defendant had actual knowledge of his medical work restrictions but acquiesced in forcing him to work beyond those restrictions;

5) Eighth Amendment medical care claim: Plaintiff did not allege that any specific prison medical professional refused to evaluate or treat him upon his request or that any specific prison employee prevented him from seeing a prison medical professional;

6) Eighth Amendment supervisory liability claim: personal involvement by a supervisor in an alleged constitutional violation can be shown by personal direction or actual knowledge and acquiescence, and such allegations must be made with appropriate particularity;

7) Eighth Amendment conditions of confinement claim: Plaintiff must provide additional facts including each defendant's personal involvement in the alleged constitutional violation.

8) Due Process property loss claim: Plaintiff has not alleged sufficient facts

to establish that the post-deprivation remedies he sought for his loss of property are not adequate;

9) Supervisory liability and failure to train: Plaintiff alleged only conclusory allegations that suggest vicarious liability of the supervisory defendants, regardless of the constitutional claim at issue.

(Id.)

On July 5, 2016, Plaintiff filed an amended complaint, seeking to cure the pleading defects in his complaint. (Am. Compl., ECF No. 38 at 3-26). On August 9, 2016, Defendants filed the present partial motion to dismiss the amended complaint. (ECF No. 44.)[1] Plaintiff filed an opposition brief. (ECF No. 45.)

II.  DISCUSSION

A.  The Amended Complaint

Plaintiff alleged the following facts in support of his amended complaint. With respect to his FTCA claims, Plaintiff asserts he filed several administrative tort claims with the FBOP, the U.S. Department of Justice, and the United States of America, seeking damages *for each issue* that is the subject of this lawsuit. (ECF No. 38, ¶3A) (emphasis added). The

---

[1] Defendants do not seek to dismiss Plaintiff's claim for judicial review under the Inmate Accident Compensation Act ("IACA"). (ECF No. 44 at x.) Therefore, the Court will not summarize the allegations in the Amended Complaint related to the IACA claim.

Defendants failed to file an answer or deny each tort claim. (<u>Id.</u>, ¶3F.)

In support of an Eighth Amendment claim, Plaintiff alleged that an unidentified counselor and case manager at FPC-Fairton assigned him to specific work duties in Food Services. (<u>Id.</u>, ¶40.) During the interview process, the counselor told Plaintiff that he/she had verified his permanent disability and medical restriction for "No Food Service Assignments." (Am. Compl., ECF No. 38, ¶41.) The case manager told him that there is proof of his total, permanent disability in his electronic records. (<u>Id.</u>) The counselor and case manager admitted that they read Plaintiff's work restrictions "off the computer." (<u>Id.</u>, ¶42.) They knew Plaintiff's assigned work duties required him to use his right hand to perform labor that was beyond his strength, causing him pain every day. (<u>Id.</u>, ¶43.)

The counselor advised Plaintiff that Ms. Levi and Warden Shartle had instructed him/her to create a job specifically for him. (<u>Id.</u>, ¶44.) No other inmate had the same job duties. (<u>Id.</u>, ¶45.) After Plaintiff complained to his supervisors, the counselor, and the case manager, "Defendants refused to take me off the detail, and added more hours [a]nd for me to work (7) days a week <u>without</u> a day off." (<u>Id.</u>, ¶¶49-50.)

The counselor was assigned to investigate the complaints that Plaintiff made to the warden. (<u>Id.</u>, ¶51.) Neither the

5

warden nor the counselor changed his job assignments or his hours, and they each told him to live with it. (Id.)

Plaintiff alleged the following facts in support of his Eighth Amendment denial of adequate medical care claim. Each time Plaintiff suffered a work accident, he reported it to his counselor, his case manager, Ms. Levi, and his food service supervisors. (Am. Compl., ECF No. 38, ¶52.) None of these Defendants reported the accidents to "Medical" or the Safety Manager, and they prevented and conspired to prevent Plaintiff from seeing medical personnel or from reporting his accident to the Safety Manager. (Id., ¶¶53, 56, 57.)

Plaintiff's injuries were visible, apparent and serious enough to require medical treatment.[2] (Id., ¶54.) The intentional delay in providing Plaintiff medical attention caused him to suffer permanent loss and affected several of his life-long handicaps. (Id., ¶55.) Plaintiff filed "Sick Calls" for his injuries, using the normal procedure, but he was not seen until months later, when a dentist noted the injury to his jaw. (Id., ¶58.)

For his conditions of confinement claim, Plaintiff alleges that while he was in administrative segregation, he complained verbally and in writing to the warden, assistant wardens, a

---

[2] In his initial complaint, Plaintiff alleged he received pain medication from the "pill line" for his injuries but he was not examined until months later. (Compl., ECF No. 1, ¶¶7-9.)

captain, Ms. Levi, counselors, case managers and the duty officer that he had to sleep on the floor without a mattress, with only sheets and a blanket. (Id., ¶59.) Defendants admitted the unit was overcrowded and nothing could be done. (Id., ¶60.) Plaintiff was bitten by ants and roaches while sleeping on the floor, and Defendants knew about this problem. (Id., ¶¶61, 62, 64.) Plaintiff was given medication for his insect bites, but he did not get a mattress. (Id., ¶64.)

In Paragraphs 75, 76, 78, 91 and 92 of the Amended Complaint, Plaintiff alleged the following regarding his loss of property claim:

> Plaintiff filed several Administrative Claim regarding property losses with the Agency pursuant to 28 USC 2401, 2675. The statute only requires me to wait (6) six months for an Answer. A year past Nothing.
>
> Clearly, Plaintiff's Due Process rights were intentionally, violated And the Defendant nor Agency deserve any protections for failing to comply with statute and policy.
>
> Proper claims under 28 USC 3723 And 3724 were filed on time, as to the property loss issues.
>
> On March 22, 2012, the 2nd shift officer on duty at FPC-Fairton was the first person of contact who confiscated and allow my property to be missing, and property he failed to place on the inventory sheet, and allowed inmates to steal before he could secure it.
>
> Then the Admin. Seg. And FCI-Fairton ICS and R&D Officers were responsible to mail and

> forward my property to me. When the
> property arrived at my MD facility it was
> clear property was missing. Again, not on
> any inventory sheets. And I received legal
> and other property not on any inventory log.

In support of his failure to train and supervise claims, Plaintiff alleges Defendants "created gross violations of the procedural safeguards required of each." (Am. Compl., ECF No. 38, ¶81.)

> The facts, claims and evidence show a clear
> pattern of constitutional violations by
> <u>untrained</u> employees, and officials, who[se]
> procedural defects or inactions are
> ordinarily necessary to ensure the process
> is fair, complete and by policy. There was
> a deliberate indifference to their legal
> duties, duties to follow (All) procedures
> <u>timely</u>.

(ECF No. 38 at 24-25, ¶84.)

B. <u>Analysis</u>

1. <u>FTCA Claims</u>

Defendants argue Plaintiff has not satisfied the prerequisites for bringing an FTCA claim because he does not clearly allege the subject matter of the administrative claims he filed or when they were filed. (ECF No. 44-1 at 6-8.) Additionally, a federal inmate's claims for work-related injuries and subsequent medical treatment for such injuries must exclusively be brought under the IACA. (<u>Id.</u>, at 6.)

The law of the place where the alleged negligent act or omission occurred is applied to FTCA claims. 28 U.S.C. §

8

1346(b)(1). Under New Jersey law, to prevail on a negligence claim, a plaintiff must prove that a defendant's breach of a duty caused his injury. <u>Fedorczyk v. Caribbean Cruise Lines, Ltd.</u>, 82 F.3d 69, 73 (3d Cir. 19996).

Liberally construing the amended complaint, the Court can identify two negligence claims unrelated to Plaintiff's work injuries and medical treatment for those injuries. First, Plaintiff alleged he was forced to sleep on the floor without a mattress due to overcrowding in the administrative segregation unit. (Am. Compl., ECF No. 38, ¶¶59-60.) He alleged that Defendants had a "legal, moral and Constitutional duty to provide me a bed/mattress to sleep on the floor with." (<u>Id.</u>, ¶61.) He complained to Warden Shartle, the assistant wardens, a captain, Ms. Levi, counselors, a case manager, and the duty officers on duty each day, and no one did anything about it, resulting in Plaintiff's injuries from insect bites while sleeping on the floor. (<u>Id.</u>, ¶¶59, 64.)

For his second negligence claim that is unrelated to work injuries or medical treatment for work injuries, Plaintiff alleged Bureau of Prisons (BOP) employees negligently lost his property when he was transferred to another facility. (<u>Id.</u>, ¶¶91-93.) This claim, however, cannot be brought under the FTCA because 28 U.S.C. § 2680(c) forecloses lawsuits against the United States for loss of a prisoner's personal property by BOP

Officers.   Ali v. Federal Bureau of Prisons, 552 U.S. 214, 218
(2008).

     In  deciding  a  motion  to  dismiss,  the  Court  must  accept
Plaintiff's  factual  allegations  as  true.    See  Fowler  v.  UPMC
Shadyside,  578  F.3d  203,  210-11  (3d  Cir.  2009)  ("the  District
Court  must  accept  all  of  the  complaint's  well-pleaded  facts  as
true,  but  may  disregard  any  legal  conclusions")  (citation
omitted).   Plaintiff  alleged  he  timely  filed  an  administrative
claim  with  the  appropriate  agency  for  each  claim  in  the  amended
complaint,  and  that  he  did  not  receive  an  answer  to  any  of  his
claims  after  waiting  for  six  months.    Therefore,  Plaintiff
sufficiently  pled  that  he  exhausted  an  FTCA  claim  alleging  he
was  injured  by  insect  bites  when  Defendants  forced  him  to  sleep
on  the  floor  without  a  mattress.    The  United  States  shall  be
added  as  the  defendant  to  this  FTCA  claim.[3]

     This  decision  does  not  preclude  Defendants  from  presenting
a  factual  attack  on  the  Court's  jurisdiction  over  Plaintiff's

---

[3] The  Court  notes  Defendants  did  not  raise  the  issue  of  whether
the  discretionary  function  exception  applies  to  the  negligence
claim  based  on  failure  to  provide  a  mattress  or  bed  due  to
overcrowding.   See  e.g. Lineberry v. U.S., Civ. Action No. 3:08-
CV-0597-G,  2009  WL  763052,  at  *6  (N.D.  Tex.  Mar.  23,  2009)
(finding  FTCA  claim  for  negligent  overcrowding  was  precluded  by
discretionary  function  exception);  Rinaldi v. U.S., 460 F. App'x
80  (3d  Cir.  2012)  (statutory  requirement  for  BOP  to  provide  for
"protection"  and  "safekeeping"  of  inmates  involved  element  of
judgment  as  required  for  discretionary  function  exception);  see
also U.S. v. Gaubert, 499 U.S. 315, 325-26 (1991) (describing
application  of  discretionary  function  exception).

FTCA claims, if Defendants can establish that Plaintiff did not
in fact satisfy the jurisdictional prerequisites.   <u>See</u> <u>Gould</u>
<u>Electronics, Inc. v. United States</u>, 220 F.3d 169, 177 (3d Cir.
2000).

>    2.   <u>Bivens Claims against the BOP Director, David
>         Martinez, and Mr. Cruz, Inmate Systems Supervisor</u>

Defendants contend Plaintiff failed to allege the personal
involvement of the BOP Director or David Martinez or Mr. Cruz in
his amended complaint.  (Defs' Brief, ECF 44-1 at 14-15.)  Upon
review by the Court, the only mention of the BOP Director in the
amended complaint is that "Plaintiff filed Administrative BP
remedies as to each issue with the Defendants, including BOP
Director, who did not file any Answer to those claims."  (Am.
Compl., ECF No. 38 at 15, ¶36.)

"Violations of grievance procedures do not give rise to a
cognizable claim under section 1983" or under <u>Bivens</u>.  <u>Iwanicki
v. Pennsylvania Dept. of Corrections</u>, 582 F. App'x 75, 81 (3d
Cir. 2014) (citing <u>Hoover v. Watson</u>, 886 F. Supp. 410, 418-19
(D. Del. 1995) <u>aff'd</u>, 74 F.3d 1226 (3d Cir. 1995) (no cognizable
claim under § 1983); <u>Burnside v. Moser</u>, 138 F. App'x 414, 416
(3d Cir. 2005) (no cognizable claim under <u>Bivens</u>).  Furthermore,
Plaintiff did not require a response from the BOP Director in
order to file his FTCA claim(s) because "the failure of an
agency to make final disposition of a claim within six months

11

after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).  Therefore, Plaintiff has failed to state a <u>Bivens</u> claim against the BOP Director.

Plaintiff does not mention Martinez or Cruz anywhere in the amended complaint, after having been given an opportunity to amend his claims against them.  Therefore he has failed to allege their personal involvement in a constitutional claim. See <u>Iqbal</u>, 556 U.S. at 676 ("a plaintiff must plead that each Government-Official defendant, through the official's own individual actions, has violated the Constitution.")  The Court will dismiss Martinez and Cruz from the amended complaint.

3.  <u>Eighth Amendment Claim for Work Assignment Beyond<br>Medical Restrictions</u>

Defendants assert that Plaintiff failed to state a claim based on his work assignment because he did not plead how any of the Defendants:   (1) learned that he was awarded disability benefits or (2) learned of his medical restrictions that were assigned at a prior correctional facility or (3) knew of the medical restrictions given by Dr. Morales at FCI-Fairton. (Defs' Brief, ECF No. 44-1 at 11.)

Liberally construing the amended complaint, as the Court must do, Plaintiff has sufficiently pled an Eighth Amendment claim against Warden Shartle, Ms. Levi, and an unnamed counselor

12

and case manager,[4] because they knowingly assigned work that was
beyond Plaintiff's physical capacity, as established by the
records they reviewed in his file. (Am. Compl., ECF No. 38,
¶¶40-50.)  Compare Johnson v. Townsend, 314 F. App'x 436, 440
(3d Cir. 2008) (complaints of mental and physical exhaustion did
not bring work assignment within Eighth Amendment's proscription
against cruel and unusual punishment absent indication that
prisoner was knowingly assigned work that was beyond his
physical strength or caused undue pain).

### 4.  Eighth Amendment Inadequate Medical Care Claims

Defendants argue that Plaintiff fails to state an Eighth
Amendment inadequate medical care claim because he does not
allege with specificity that any particular individual was aware
of his sick calls and yet knew he had not received any medical
treatment. (Defs' Brief, ECF No. 44-1 at 12.)

Plaintiff alleged that each time he suffered a work
accident, he reported it to his counselor, his case manager, Ms.
Levi, and his food service supervisors. (Am. Compl., ECF No.
38, ¶52.)  None of these defendants reported the accidents to
"Medical" or the Safety Manager, and they prevented and
conspired to prevent Plaintiff from seeing medical personnel and

---

[4] Plaintiff will have to identify the counselor and case manager
by name before the Amended Complaint can be served on them, but
he may proceed against them as John Doe Counselor and John Doe
Case Manager at this time.

reporting his accident to the Safety Manager. (Id., ¶¶53, 56, 57.)  Plaintiff's injuries were visible, apparent and serious enough to require medical attention. (Id., ¶54.)  The intentional delay in providing Plaintiff medical attention caused him to suffer permanent loss and affected several of his life-long handicaps. (Id., ¶55.)  Plaintiff filed "Sick Calls" regarding his injuries, using the normal procedure, but he was not seen until months later, when a dentist noted the injury to his jaw. (Id., ¶58.)

Plaintiff's claim that the defendants conspired to prevent him from seeing medical personnel is devoid of any supporting factual allegations.  It is also contrary to his allegation that he followed the normal procedure of Sick Call.

Plaintiff has not identified to whom he addressed his Sick Call requests or who delayed scheduling a medical appointment or why.  Therefore, this Bivens claim is dismissed without prejudice.

### 5.   Eighth Amendment Conditions of Confinement Claim

For his conditions of confinement claim, Plaintiff alleges that while he was in administrative segregation, he complained to the warden, assistant wardens, a captain, Ms. Levi, counselors, case managers and the duty officer that he had to sleep on the floor with only two sheets and a blanket (Am. Compl., ECF No. 38, ¶59.)  Defendants admitted the

administrative segregation unit was overcrowded and nothing could be done. (Id., ¶60.) Plaintiff was bitten by ants and roaches while sleeping on the floor, and Defendants knew about this problem. (Id., ¶¶61, 62, 64.) Plaintiff was treated for his insect bites, but he did not get a mattress. (Id., ¶64.)

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526–527 (1984)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9

(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (citation omitted). The critical issue for Eighth Amendment purposes . . . "is whether the alleged overcrowding has somehow harmed the prisoner. Lindsey v. Shaffer, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) (citing Rhodes, 452 U.S. at 347-50 (1981)).

Temporarily sleeping on the floor without a mattress does not constitute a deprivation of a minimal civilized measure of life's necessities. See Adderly v. Ferrier, 419 F. App'x 135, 139 (3d Cir. 2011) (deprivation of clothing, toiletries, legal mail, pillow, mattress and shower for seven days was harsh but not a deprivation of the minimal civilized measure of life's necessities.) Furthermore, exposure to an insect or rodent infestation for a short period of time does not generally pose a substantial risk to inmate health or safety. See Walters v. Bosher, Civ. No. 10-1505 (RBK), 2011 WL 252954, at *4 (collecting cases). Therefore, the Court will dismiss this Eighth Amendment conditions of confinement claim.

6.  Deprivation of Property

Defendants contend Plaintiff did not identify any individuals who were responsible for his property loss, nor did he provide sufficient facts to establish that any available remedy was inadequate. (Defs' Brief, ECF No. 44-1 at 13.) "[D]eprivation of property by a [government] employee does not

16

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff alleges that he timely and properly followed the procedures for seeking a remedy for his property loss but the defendants have not followed their own procedures because they never responded to his grievances. (Am. Compl, ECF No. 38, ¶¶66-78.) Additionally, Plaintiff identified that it was the second shift officer on duty on March 27, 2012, and the FCI-Fairton ICS and R&D officers who were personally involved in his property loss, by failing to secure his property, and forward it to his new address. (Id., ¶¶91-92.) Accepting his allegations as true, Plaintiff has stated a Bivens claim for violation of his due process rights based on loss of his property. Compare Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (post-deprivation remedy was meaningful where "defendants gave plaintiffs three opportunities to review materials and receive back approved, non-contraband items.")

            7.   Failure to Supervise and Failure to Train

Defendants contend that Plaintiff's claims of supervisory liability are nothing more than conclusory allegations that fail to identify a specific supervisor and his/her involvement in a constitutional violation. (Defs' Brief, ECF No. 44-1 at 14.)

Plaintiff alleges Defendants "created gross violations of the procedural safeguards required of each." (Am. Compl., ECF No. 38, ¶81.) He further states:

> The facts, claims and evidence show a clear pattern of constitutional violations by untrained employees, and officials, who[se] procedural defects or inactions are ordinarily necessary to ensure the process is fair, complete and by policy. There was a deliberate indifference to their legal duties, duties to follow (all) procedures timely.

(Id., ¶84.) "Defendants (unspecified) failed to respond to Plaintiff's administrative tort claims filed with the FBOP, U.S. Justice Dept. and United States of America." (Id., ¶3A.)

First, inmates do not have a constitutionally protected right to the prison grievance process. Burnside v. Manor, 138 F. App'x 414, 416 (3d Cir. 2005) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Second, Plaintiff was not injured by the failure of the appropriate agencies to respond to his administrative tort claims under the FTCA, because the statute provides that if a claimant does not receive a response within six months, the claimant may treat the claim as denied, and bring the claim in a district court. 28 U.S.C. § 2675(a). Third, Plaintiff's claim of failure to train or supervise is otherwise factually deficient. See Castillo-Perez v. City of Elizabeth, Civ. Action No. 11-6958(KM), 2014 WL 1614845, at *7 (legal boilerplate, without identifying a specific policy or

custom or manner in which training fell short, fails to state a § 1983 claim.)  Therefore, the Court will dismiss Plaintiff's <u>Bivens</u> claims for failure to train or supervise.

III. CONCLUSION

For the reasons discussed above, Defendants' Partial Motion to Dismiss the Amended Complaint (ECF No. 44) is granted in part and denied in part.  Plaintiff may add the United States as a Defendant to his FTCA claim for failure to provide him with a bed/mattress; Plaintiff's <u>Bivens</u> claims against the BOP Director and David Martinez and Mr. Cruz are dismissed with prejudice for failure to state a claim; Plaintiff's Eighth Amendment claims against Warden Shartle, Ms. Levi, John Doe Counselor and John Doe Case Manager for assigning him work that was beyond his medical restrictions may proceed; Plaintiff's Eighth Amendment claims for delay in adequate medical care are dismissed without prejudice for failure to state a claim; Plaintiff's Eighth Amendment conditions of confinement claim is dismissed with prejudice for failure to state a claim; Plaintiff's Due Process claim for loss of property may proceed; and Plaintiff's claims of supervisory liability and failure to train are dismissed without prejudice for failure to state a claim.

An appropriate order follows.

Dated:   March 23, 2017

s/Renée Marie Bumb_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**