**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Dr. Keenan K. Cofield, | : | |
| | : | Civil Action No. 15-558(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| United States Dep't of Justice, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**Anne B. Taylor** (Argued)
Assistant U.S. Attorney
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    On behalf of Defendants

**Richard Wolf, Esq.** (Argued)
**Jonathan M. Korn, Esq.** (On the brief)
**Stephen M. Orlofsky, Esq.** (On the brief)
BLANK ROME, LLP
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
    Court-Appointed Attorneys on behalf of Plaintiff

This matter comes before the Court upon Defendants' motion suggesting partial dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) ("Partial Mot.

1

to Dismiss," ECF No. 76); Plaintiff's brief in opposition to Defendants' motion ("Pl's Brief," ECF No. 78); and Defendants' Reply Brief in Support of Defendants' Motion ("Defs' Reply Brief," ECF No. 79.) Oral argument was held before the Court on May 15, 2018. Based on the oral argument, the record, and the briefs in this matter, for the reasons discussed below, the Court denies Defendants' partial motion to dismiss.

## I. BACKGROUND

Plaintiff Keenan K. Cofield originally filed this action in the Superior Court for the District of Columbia, and named as defendants the United States Justice Department, the Federal Bureau of Prisons ("BOP"), the Inmate Accident Compensation System, J.T. Shartle (the warden of the Federal Correctional Institution at Fairton ("FCI Fairton")), and several unnamed employees of FCI Fairton, identified only by their job title. (Opinion, ECF No. 21.) Liberally construing his pleadings, Plaintiff asserted: Eighth Amendment <u>Bivens</u> claims for a failure to provide medical treatment after he injured himself on the job; forcing him to work past his medical capacity; and based on the conditions of his cell; a due process claim for placing him in administrative segregation and transferring him to Maryland because of what he contends was a faulty detainer; a tort and due process claim related to allegedly lost property; and a claim for

failure to properly train and supervise employees. (Opinion, ECF No. 21.)

The Defendants removed the case, pursuant to the federal agencies and officers' removal provision, 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1446, to the Federal District Court of the District of Columbia because some of the originally-named Defendants are federal agencies. (Notice of Removal, ECF No. 1.) The Defendants then moved to transfer the venue to this Court because the allegations in the complaint arose entirely out of Plaintiff's incarceration in the District of New Jersey. (Mot. to Transfer, ECF No. 7.)

After removal and transfer to this Court, Defendants filed a motion to dismiss. (Mot. to Dismiss, ECF No. 19.) On February 3, 2016, this Court granted in part, and denied in part, Defendant's motion to dismiss.(Opinion and Order, ECF Nos. 22, 23.) Relevant to the pending motion, the Court denied Defendants' motion to dismiss based on derivative jurisdiction, citing Calhoun v. Murray, 507 F. App'x 251 (3d Cir. 2012), an unpublished case. (Opinion, ECF No. 21 at 7-9.)

The Court permitted Plaintiff to file an amended complaint, which he filed on July 5, 2016. (Am. Compl., ECF No. 38 at 3-26.) Defendants filed a partial motion to dismiss the amended complaint, which the Court granted in part, and denied in part. (Opinion and Order, ECF Nos. 52, 53.)  Accordingly, the claims that remain in

this matter are a claim brought pursuant to the Administrative Procedure Act ("APA") that Plaintiff's Inmate Accident Compensation Act ("IACA") claim to compensate him for a work-related injury was not properly considered by the BOP; one negligence claim, brought under the Federal Tort Claims Act ("FTCA"), arising out of Plaintiff's sleeping conditions at FCI Fairton; an Eighth Amendment claim brought under the <u>Bivens</u> implied cause of action against Warden Shartle and Ms. Levi for allegedly forcing Plaintiff to perform an inmate job beyond his known physical capacity; and a due process claim, also brought under <u>Bivens</u>, against unnamed employees for Plaintiff's alleged loss of property and failure to provide a sufficient post-deprivation remedy.

In light of the perceived conflict between the Third Circuit's non-precedential decision in <u>Calhoun</u>[1], supra, and older precedential Third Circuit cases suggesting dismissal under the doctrine of derivative jurisdiction, this Court indicated to the parties that it would reconsider its ruling and asked the parties to provide additional briefing on the issue.  The Court also

---

[1] The Court recognizes that pursuant to the Internal Operating Procedures of the United States Court of Appeals for the Third Circuit non-precedential opinions are "not regarded as precedents that bind the court because they do not circulate to the full court before filing."  I.O.P. 5.7 (2112).

appointed counsel to Plaintiff for representation on this limited purpose. (Order, ECF No. 69.)

## II. DISCUSSION

### A. The Parties' Arguments

Defendants move pursuant to Federal Rule of Civil Procedure 12(h)(3) for dismissal of Plaintiff's FTCA and APA claims for lack of subject matter jurisdiction under the doctrine of derivative jurisdiction. Defendants do not move to dismiss Plaintiff's Bivens claims.

Defendants contend Third Circuit precedential cases require dismissal of the FTCA and APA claims, pursuant to the doctrine of derivative jurisdiction. Defendants rely on Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 167-68 (3d Cir. 1976); Bradshaw v. General Motors Corp., 805 F.2d 110, 112 (3d Cir. 1986); Stapleton v. $2,438,110, 454 F.2d 1210, 1213, 1215 (3d Cir. 1972); and Gleason v. United States, 458 F.2d 171, 173 (3d Cir. 1972). Defendants contend that each of these cases stand for the proposition that under the doctrine of derivative jurisdiction, when defendants remove claims filed in state court under 28 U.S.C. § 1442(a), as was done here, if the state court lacked subject matter jurisdiction over those claims, the federal court also lacks subject matter jurisdiction. This is so because the federal court's jurisdiction is derivative of the jurisdiction of the state

court. Thus, if the state court has no jurisdiction, neither does the federal court.

In further support of their position, Defendants point out that Congress, although it abrogated derivative jurisdiction under 28 U.S.C. § 1441, chose not to abrogate derivative jurisdiction under § 1442(a). As recently as 2011, Congress decided to retain the doctrine of derivative jurisdiction in the Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. See H.R.-Rep. 112-10, at 3 (2011).

Defendants also contend that, pursuant to the Third Circuit decision in Stapleton, 454 F.2d at 1215, a post-removal amendment cannot cure a jurisdictional defect arising under the doctrine of derivative jurisdiction. Thus, Defendants claim Plaintiff did not cure the jurisdictional defect when he filed an amended complaint in this Court, nor could he do so now.

Finally, Defendants distinguish Rodas v. Seidlin, 656 F.3d 610 (7th Cir. 2011) and other recent cases that hold that derivative jurisdiction is a procedural bar affecting removal jurisdiction and not an essential ingredient for federal subject matter jurisdiction. Defendants note that Rodas, and cases with similar holdings, addressed whether a final judgment must be vacated if derivative jurisdiction is raised for the first time following entry of judgment in the district court. This case is

distinguishable, Defendants argue, because judgment has not been entered in this case prior to raising the jurisdictional issue.

Plaintiff, on the other hand, argues that the Third Circuit unpublished case, Calhoun v. Murray, 507 F. App'x 251 (3d Cir. 2012) was based on sound rationale and should be followed despite its non-precedential nature. In relevant part, the Calhoun Court stated:

> Our jurisdiction on appeal in this matter is governed by Grubbs because "[t]he doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction." Rodas 656 F.3d at 619; see also Morda v. Klein, 865 F.2d 782, 784 (6th Cir. 1989); Foval v. First Nat'l Bank of Commerce in New Orleans, 841 F.2d 126, 129 (5th Cir. 1988); Sorosky v. Burroughs Corp., 826 F.2d 794, 800-01 (9th Cir. 1987).
>
> Each of Calhoun's claims could have been properly filed in the District Court. Therefore, we are not deprived of jurisdiction on appeal, despite the existence of any potential procedural errors in removal.

Calhoun, 507 Fed. Appx. 256-57.

The Calhoun Court noted "jurisdiction" as used in the phrase "derivative jurisdiction" is a misnomer. Removal itself does not confer jurisdiction, it is a procedural means to move a case into federal court. Because removal jurisdiction is procedural, it can be waived. Plaintiff cites to instances where removal defects were waived and the district court retained subject matter jurisdiction. See, e.g., Farina v. Nokia, 625 F.3d 97, 114 (3d

Cir. 2010) (a defect with regard to removal is "considered jurisdictional only if the case could not initially have been filed in federal court.")

Plaintiff further contends that the Calhoun decision is in accord with recent decisions in other federal courts, as well as the Supreme Court decision in Grubbs v. General Electric Credit Corp., 405 U.S. 699 ([April 18] 1972). In Grubbs, the Court stated, "'longstanding decisions of this Court make clear' that the issue was not whether the case was properly removed, but whether the federal court would have had jurisdiction if the case were originally filed in that court." Grubbs, 405 U.S. at 699. In Grubbs, there was complete diversity of citizenship and a sufficient amount in controversy for federal jurisdiction. The case, therefore, could have been originally brought in federal court. By not objecting to the notice of removal, the parties waived the right to argue that there was no subject matter jurisdiction.

Plaintiff asserts the fact that objections to removal jurisdiction can be waived, as in Grubbs, suggests that it is not truly a species of subject matter jurisdiction, which can never be waived. The Sixth, Seventh, and Eighth Circuit Courts of Appeals have likewise held that derivative jurisdiction refers to the propriety of removal jurisdiction and not the subject matter jurisdiction of the federal court. See Rodas v. Seidlin, 656 F.3d

610 (7th Cir. 2011)("The doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction"); Fed. Home Loan Mortg. Corp. v. Gilbert, 656 Fed. App'x 45, 53 (6th Cir. 2016) (Sutton, J., concurring); North Dakota v. Fredericks, 940 F.2d 333 (8th Cir. 1991).

Lastly, Plaintiff argues that application of the derivative jurisdiction doctrine to dismiss his FTCA and APA claims would lead to an absurd result because claims over which federal courts have exclusive jurisdiction should not be turned away by the federal court simply because the state court lacked subject matter jurisdiction over the claims mistakenly brought there by the plaintiff.

B. Analysis

This case presents the question of whether a federal district court has the power to hear exclusively federal claims, such as those arising under the FTCA or APA, when those claims were brought into federal court by removal from state court. If, as Plaintiff suggests, the doctrine of derivative jurisdiction describes a defect in a federal court's removal jurisdiction rather than its original subject matter jurisdiction, the procedural removal defect may be waived and the court may exercise jurisdiction over

Plaintiff's federal claims. If, as Defendants suggest, derivative jurisdiction precludes a federal court from hearing exclusively federal claims that were brought in state court and removed, this Court must dismiss Plaintiff's FTCA and APA claims. Furthermore, Defendants argue the jurisdictional defect cannot be cured by amendment of the complaint to bring the claims in federal court under federal subject matter jurisdiction.

> As early as 1922, the Supreme Court explained:
>
> The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922)). The Supreme Court stated "the Circuit Court of Appeals, in remanding the cause to the District Court, should have directed a dismissal for want of jurisdiction and without prejudice." 258 U.S. at 383.  Years later, however, in 1972, the Supreme Court decided Grubbs v. General Elec. Credit Corp., 405 U.S. 699 (1972). In Grubbs, the Supreme Court again addressed derivative jurisdiction.  The Court concluded that the doctrine of derivative jurisdiction refers to removal jurisdiction, and a flaw in removal jurisdiction can be waived when the federal court has subject matter jurisdiction over the removed claims. In Grubbs, where the United States was added to a state court case as a party defendant

and then removed the entire action to federal court for a jury trial, the Court noted,

> Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

Id. at 702.

The Grubbs Court cited to Baggs v. Martin, 179 U.S. 206, (1900), where a receiver appointed by a federal court was sued in state court and removed the action to the federal court that appointed him. Id. at 702-03. In Baggs, the receiver sought reversal of the judgment on appeal on the ground that the case was not properly removed from the state court. Id. The Supreme Court held that the receiver could not object to the removal of the case when removal had come as a result of his own action. Id.

The Grubbs Court also cited to Mackay v. Uinta Development Co., 229 U.S. 173 (1913). Grubbs, 405 U.S. at 703. In Mackay the action was brought in state court between two citizens of different states, but the amount in controversy requirement for federal jurisdiction was met only by means of the defendant's counterclaim. Id. The case was removed to federal court without objection and it was tried on the merits. Grubbs, 405 U.S. at 703. The losing party appealed based on failure to comply with the removal statutes. Id.

The Supreme Court rejected the argument, stating:

> '(R)egardless of the manner in which the case was brought or how the attendance of the parties in the United States court was secured, there was presented to the Circuit Court a controversy between citizens of different States in which the amount claimed by one non-resident was more than $2,000, exclusive of interest and costs. As the court had jurisdiction of the subject-matter the parties could have been realigned by making Mackay plaintiff and the Development Company defendant, if that had been found proper. But if there was any irregularity in docketing the case or in the order of the pleadings such an irregularity was waivable, and neither it nor the method of getting the parties before the court operated to deprive it of the power to determine the cause.' [Mackay v. Uinta Development Co.,] at 176—177, 33 S. Ct., at 639.

Grubbs, 405 U.S. at 703.

The parties in Grubbs conceded that there would have been diversity jurisdiction in the Federal District Court under 28 U.S.C. § 1332 if the action had been brought in that court originally. Grubbs, 405 U.S. at 704. Therefore, the Supreme Court held that the removal defect did not deprive the federal district court of jurisdiction at the time of judgment. Id. at 705-06.

In 1996, the Supreme Court held in Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996), that a district court's error in failing to remand a diversity jurisdiction case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered.  The Court

stated, "Grubbs instructs that an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered," but Grubbs "dealt with a case removed without objection." Id. at 73. In Caterpillar, the plaintiff timely objected to removal but the district court erroneously maintained jurisdiction; however, diversity jurisdiction existed at the time of trial. Id. Because the Court had subject-matter jurisdiction at the time of judgment, correcting the removal defect at post-judgment "would impose an exorbitant cost on our dual court system." Id. at 77.

The Seventh Circuit, in Rodas v. Seidlin, 656 F.3d 610, 612 (7th Cir. 2011) held that "the doctrine of derivative jurisdiction is cabined by the principles announced in" Grubbs and Caterpillar. In Rodas, the United States, in an amicus brief, argued that "the doctrine of derivative jurisdiction," which provides "that a federal court acquires no jurisdiction upon removal where the state court lacked jurisdiction over the subject matter or the parties" created a latent jurisdictional defect that persists on appeal. 656 F.3d at 612. In Rodas, the United States had removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442)(a)(1), but after judgment the United States argued the doctrine of derivative jurisdiction deprived the federal court of subject matter jurisdiction. Id. at 614.

The Seventh Circuit noted that the conditions for removal under § 1442(a)(1) were met, and the doctrine of derivative jurisdiction applied to such removals, but the question remained "whether the doctrine is subject to limiting principles." Id. at 619. Based on Grubbs and Caterpillar, the Seventh Circuit concluded:

> the doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction. Because the district court would have had jurisdiction over a hypothetical complaint filed at the time it entered the judgment now under review, the fact that the state court lacked jurisdiction over the case when it was removed has no significance.

Id. at 619.

The Rodas Court noted that in Caterpillar "the jurisdictional inquiry turned on whether original jurisdiction could have been exercised at the time of judgement [but] that does not answer the antecedent question of whether the doctrine of derivative jurisdiction is essential to a court's subject matter jurisdiction such that it cannot be cured." 656 F.3d at 621.

First, the court noted that the acquisition of jurisdiction upon removal speaks to "removal jurisdiction" not "the distinct concept of federal court subject matter jurisdiction." Id. at 622-23. Removal is unlike federal question and diversity jurisdiction,

"it is a *means* of bringing cases within federal courts' original jurisdiction into those courts." Id. at 623 (quoting 14B Charles Alan Wright, et al., Federal Practice and Procedure § 3721, at 27 (4th ed. 2009). Second, pursuant to Grubbs and Caterpillar, if subject matter lies at the time the order of judgment under review was entered, a court of appeals should disregard procedural defects in the removal process. Id. "[A] 'procedural' defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." Id. (quoting Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1544 (5th Cir. 1991)).

Third, and "more critically," the Rodas Court noted that subject matter jurisdiction, unlike the doctrine of derivative jurisdiction, is unyielding. Id. In one of the earliest and lengthiest descriptions of the doctrine of derivative jurisdiction cited by the Supreme Court in Lambert Run, the court stated, "I do not mean to say that we measure our jurisdiction wholly by that of the state court, and that nothing can be adjudged here which could not have been adjudged there; for cases can be well imagined where this rule should be subject to qualification...." Rodas, 656 F.3d at 624 (quoting Fidelity Trust Co. v. Gill Car Co., 25 F.737 (C.C. Ohio 1885). The Rodas Court concluded that a doctrine of such flexibility could not be a matter of subject matter jurisdiction. Id.

In Calhoun v. Murray, 507 F. App'x 251 (3d Cir. 2012), the Third Circuit, in an unpublished case, found that its jurisdiction on appeal was governed by Grubbs, "because '[t]he doctrine of derivative jurisdiction, despite its perhaps improvident name, is best understood as a procedural bar to the exercise of federal judicial power. That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction.'" 507 F. App'x at 256 (3d Cir. 2012) (quoting Rodas, 656 F.3d at 619; see also Morda v. Klein, 865 F.2d 782, 784 (6th Cir. 1989); Foval v. First Nat'l Bank of Commerce in New Orleans, 841 F.2d 126, 129 (5th Cir. 1988); Sorosky v. Burroughs Corp., 826 F.2d 794, 800-01 (9th Cir. 1987)). While it is true that the doctrine of derivative jurisdiction was raised on appeal in Calhoun, the Third Circuit's agreement with the Rodas Court, that derivative jurisdiction creates a defect in removal but is not an essential ingredient to federal subject matter jurisdiction, implies that a defect in removal would not, at any time, by itself deprive a federal court of subject matter jurisdiction. Such a defect may be waived. See Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995) ("the Supreme Court clearly suggested [in Grubbs], even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal courts. Rather, in considering whether jurisdictional defects existed, the

relevant inquiry is whether the case could have been filed originally in federal court"); see also id. (citing Allbritton Communications Co. v. N.L.R.B., 766 F.2d 812, 820 (3d Cir. 1985) ("citing Grubbs and reiterating that in determining whether a defect is waivable, courts should consider whether the federal court would have had original jurisdiction over the case if it had initially been filed in federal court"), cert. denied, 474 U.S. 1081 (1986)).

Defendants urge this Court to follow Third Circuit precedential cases Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160 (3d Cir. 1976); Stapleton v. $2,438,110, 454 F.2d 1210 (3d Cir. 1972); Gleason v. United States, 458 F.2d 171 (3d Cir. 1972); and Bradshaw v. General Motors Corp., 805 F.2d 110 (3d Cir. 1986). Certainly, this Court is obligated to follow controlling precedent. The cases, however, are distinguishable.

First, Stapleton was decided before Grubbs and did not consider whether the doctrine of derivative jurisdiction is a removal defect that can be waived. Stapleton, 454 F.2d 1210. Second, Gleason was decided two days after Grubbs and made no mention of Grubbs nor did it discuss whether the doctrine of derivative jurisdiction is a removal defect that can be waived. 458 F.2d 171. Third, Witherow, decided after Grubbs, is likewise distinguishable. 530 F.3d 160. The Third Circuit in Witherow noted that "a clear purpose of the derivative limitation—that federal

courts not entertain, on removal, actions which the state courts could not entertain in the first instance" suggested that derivative jurisdiction is limited subject matter jurisdiction. However, in <u>Witherow</u>, the state court lacked jurisdiction not because the claim was exclusively federal but because the claim asserted was barred by the statute of limitations. The court held:

> that the district court could not grant federal relief in this removed diversity case which would have been dismissed as time-barred had it remained in state court and the proper limitations of actions defense been asserted there as was presented here. Implicit in our conclusion is that [28 U.S.C §] 1448 cannot be utilized to breathe jurisprudential life in federal court into a case legally dead in state court.

530 F.2d at 168. The court further noted "we express no opinion on what the result would have been if defendant had filed its removal petition prior to the expiration of the statute of limitations. That would be a very different case." <u>Id.</u> at 169.

Lastly, in <u>Bradshaw</u>, the Third Circuit held that a federal court did not gain jurisdiction upon removal of a Title VII claim that was improperly filed in state court. 805 F.2d 110, 113 (3d Cir. 1986).[2] Although the court in <u>Bradshaw</u> concluded that the Title VII claim must be dismissed, it did not suggest that the

---

[2]   <u>Bradshaw</u> was abrogated by <u>Yellow Freight System, Inc. v. Donnelly</u>, 494 U.S. 820, 81 (1990), which held that federal courts do not have exclusive jurisdiction over civil actions brought under Title VII of the Civil Rights Act of 1964.

federal court could not obtain jurisdiction over the claim either by dismissal in state court and direct filing in federal court, or by waiver of the removal defect. The court did not discuss Grubbs and its progeny.

In this Court's view, Bradshaw does not preclude application of the implicit finding in Grubbs, later recognized in Calhoun, that derivative jurisdiction is a removal defect and not an essential ingredient in subject matter jurisdiction. Here, Defendants waived the procedural defect because they created the defect by removing the case to federal court rather than moving to dismiss in state court for lack of jurisdiction. See Baggs, 179 U.S. at 209 (party waived any right to have cause tried in state court by removing to federal court.)

Finally, the Court holds in the alternative, even if this Court agreed with Defendants' position, this Court would conditionally dismiss the FTCA and APA claims based on derivative jurisdiction. Dismissal would be conditional, permitting Plaintiff to file an amended complaint in this action within 30 days, asserting federal subject matter jurisdiction over his FTCA and APA claims. See Brennan v. Kulick, 407 F.3d 603, 608 (3d Cir. 2014) (complaint filed within statute of limitations but subsequently dismissed without prejudice with conditions tolls the statute of limitations).

IV.  CONCLUSION

     For the reasons discussed above, the Court denies Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3). Alternatively, the Court would conditionally dismiss Plaintiff's FTCA and APA claims based on the doctrine of derivative jurisdiction, but dismissal would be conditional in that Plaintiff could file an amended complaint within 30 days of dismissal, alleging subject matter jurisdiction over his FTCA and APA claims pursuant to 28 U.S.C. § 1331.

An appropriate Order follows.

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **United States District Judge**

DATE: May 21, 2018